Samuel George **GAINES**, Movant,

v.

**KENTUCKY BAR ASSOCIATION,**
Respondent.

**No. 99–SC–342–KB.**

Supreme Court of Kentucky.

June 17, 1999.

Samuel Gaines, pro se.

Jay Garrett, Bruce Davis, Frankfort, for Kentucky Bar Association.

## *OPINION AND ORDER*

Samuel George Gaines, whose address of record is 2902 Meister Road, Lorraine, Ohio, desires to terminate Kentucky Bar Association (KBA) proceedings against him by consenting to a suspension from the practice of law for six months pursuant to SCR 3.480(3). The KBA joins in the motion for suspension. We note that Movant is currently suspended from the practice of law for nonpayment of Bar dues. The suspension was by order of the Su-preme Court dated May 2, 1996, and Mov-ant has not been reinstated.

On December 10, 1998, the KBA Inquiry Tribunal issued a two count charge against Movant regarding his representation of Judy Parker. Parker retained Movant to represent her in a law suit filed against the seller of her home and paid Movant a $500.00 fee. The matter was set for trial on March 4, 1997. On the night before trial, Movant called Parker and advised her that the opposing attorney was ill and the trial would have to be rescheduled. Movant failed to inform Ms. Parker of a new trial date and became increasingly difficult to contact. Movant failed to ex-plain to Parker that he could not represent her due to his suspension for nonpayment of Bar dues.

In Count I, the Inquiry Tribunal charged Movant with a violation of SCR 3.130–1.4(a) and (b) when he failed to re-turn his client's telephone calls, failed to inform her of the new trial date, failed to keep her adequately informed about the status of her case, and failed to adequately explain that he could no longer represent her due to his suspension from the practice of law. In Count II, the Inquiry Tribunal charged Movant with a violation of SCR 3.130–5.5(a) when he represented Judy Parker in a matter while he was suspend-ed from the practice of law in the Com-monwealth of Kentucky.

On January 21, 1999, the KBA Inquiry Tribunal issued a three count charge against Movant regarding his representa-tion of Latasha M. Sharp. Sharp retained Movant to represent her in an action for dissolution of marriage, and paid him $300.00 of a $500.00 flat fee. Movant in-formed Sharp that she needed to pay the remaining $200.00 in order for him to pre-pare and file the petition. Sharp did not pay the remaining $200.00 and Movant never prepared or filed the petition for dissolution. Movant did not refund the unearned portion of the fee. When Sharp discovered Movant was suspended from the practice of law, she attempted to con-

tact him. Movant did not return her phone calls.

In Count I, the Inquiry Tribunal charged Movant with a violation of SCR 3.130–1.16(d) when he received a portion of the fee from a client to file a petition for dissolution of marriage and failed to refund the unearned portion of the fee when the attorney client relationship ended. In Count II, the Inquiry Tribunal charged Movant with violation of SCR 3.130–1.4(a) when he failed to return Ms. Sharp's telephone calls. In Count III, the Inquiry Tribunal charged Movant with a violation of SCR 3.130–5.5(a) when he took a fee from a client to represent her in a divorce action in Jefferson County while he was suspended from the practice of law in the Commonwealth of Kentucky.

Pertaining to the charges arising from Movant's representation of Judy Parker, he admits violating SCR 3.130–1.4(a) and (b) as set out in Count I of the charge, and admits violating SCR 3.130–5.5(a) as set out in Count II of the charge. Movant states, however, that he did not get notice of his suspension until March 1997, and that when he learned of the suspension he immediately ceased to practice law in the Commonwealth of Kentucky.

With regards to Movant's representation of Latasha Sharp, Movant admits violating SCR 3.130–1.4 as set out in Count II of the charge and admits violating SCR 3.310–5.5(a) as set out in Count III of the charge. Movant again states that he did not get notice of his suspension until March 1997 and immediately ceased the practice of law in the Commonwealth of Kentucky. Movant denies Count I of the charge with regards to his representation of Sharp. He states that Sharp paid $300.00 and part of this fee was for work previously performed on her behalf in a related matter. He therefore states the fee was earned and there was no violation of SCR 3.130–1.16(d) and requests that this Count be dismissed. The KBA agrees to this dismissal.

Upon the foregoing facts and charges, it is ordered that Movant's motion for termination of the proceedings against him is granted. It is further ordered that:

1. The Movant, Samuel George Gaines, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of six months. The period of suspension shall commence on the date od entry of this order and continue until such time as Movant is reinstated to the practice of law by order of this Court pursuant to SCR 3.510 or any controlling amendment to SCR 3.510.

2. Count I of the complaint filed against Samuel George Gaines arising out of his representation of Latasha Sharp is dismissed.

3. In accordance with SCR 3.450 and SCR 3.480(3), Movant is directed to pay all costs associated with the disciplinary proceedings against him, said sum being $51.24, and for which execution may issue from this Court upon finality of this opinion and order.

4. Pursuant to SCR 3.390, Movant shall, within ten (10) days from the entry of this order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

ENTERED: June 17, 1999.

/s/ Joseph E. Lambert
Chief Justice